**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable A. Bruce Campbell**

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DANIEL J. BLOCK and | ) | Case No. 11-11466 ABC |
| GINA M. BLOCK, | ) | Chapter 7 |
|      Debtors | ) | |
| ——————————————— | ) | |
| | ) | |
| RON GIRARDI and THE SWEETLIFE | ) | |
| RESTAURANT, INC., | ) | |
| | ) | |
|      Plaintiffs, | ) | Adversary No.  11-1179 ABC |
| v. | ) | |
| | ) | |
| DANIEL J. BLOCK, BLOCK FINANCIAL | ) | |
| GROUP, AND GINA COWGILL-CLOCK, | ) | |
| | ) | |
|      Defendants. | ) | |

ORDER ON DEFENDANTS' MOTION TO DISMISS COMPLAINT

Before the Court is the Motion to Dismiss Complaint ("Motion") filed by Defendants/Debtors Daniel and Gina Block and Defendant Block Financial Group, and the Response filed by Plaintiffs.  The Court, having reviewed the Motion, the Response, and the file in this matter, finds as follows.

**1. The Complaint**

The allegations of Plaintiffs' Complaint are sparse and contain numerous apparent typographical errors which make it difficult to ascertain the nature of the relief Plaintiffs seek and against whom the relief is sought.  For example, the Complaint specifically requests relief under 11 U.S.C. § 523(a)(6), but contains one claim for relief for "Fraud," perhaps under 11 U.S.C. § 523(a)(2)(A), in addition to one claim for "Theft," apparently under § 523(a)(6). Debtor Daniel Block is referred to as such in the caption of the Complaint, but the body of the Complaint refers to "David Block."  The caption of the Complaint refers to "Gina Cowgill-Clock," who is not a Debtor in this bankruptcy case.

The Complaint alleges that Defendant "David Block" was contracted by Plaintiff to be a bookkeeper and business manager of Plaintiffs' restaurant.  It further alleges that Defendant "David Block" and "Defendant Cowgill-Block" conspired to deceive Plaintiffs by writing unauthorized checks, purportedly to vendors for Plaintiffs' restaurant, on Plaintiffs' bank accounts and depositing the checks into Defendants' bank accounts.  Defendants' actions are termed "fraud" and "theft" and Plaintiffs request that the damages they suffered as a result of

Defendants' actions be determined non-dischargeable under 11 U.S.C. § 523(a)(6).  Plaintiffs request treble damages, plus costs and attorneys fees, under Colorado's Rights in Stolen Property Statute, C.R.S. § 18-4-405.

## 2.  Defendants' Arguments

Defendants initially assert that Plaintiffs have "not complied with Federal Rule of Bankruptcy Procedure 7004," without specifying what service defects exist.   Plaintiffs have not filed proof of service of the Complaint and Summons on Defendants, and in their response, Plaintiffs seem to suggest that one or more of the Defendants are evading service of process.[1]

Defendants further argue that the Complaint refers only to "David" Block, not Debtor Daniel Block.   Defendants also argue that Plaintiffs' do not sufficiently plead a claim for willful and malicious injury under 11 U.S.C. § 523(a)(6).  Defendants contend that the Complaint pleads nothing more than labels and conclusions, without sufficient detail to explain how the alleged theft occurred, how the checks were unauthorized, or how the expenses were not legitimate business expenses.

## 3.  Discussion

In ruling on a Rule 12(b)(6) motion, the Court must presume that all well-pleaded allegations of the complaint are true, and construe them in the light most favorable to Plaintiff. *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 556 (10th Cir. 1999).  In order to survive dismissal under Fed. R. Civ. P. 12(b)(6), a plaintiff must include in the complaint "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).

## A.  Service of Summons and Complaint

Fed. R. Bankr. P. 7004 governs service of process in adversary proceedings.  Mail service on Defendants/Debtors may be accomplished in accordance with Fed. R. Bankr. P. 7004(b)(9) and (g).  Mail service on the corporate/non-debtor Defendant is provided for in Fed. R. Bankr. P. 7004(b)(3).  Any Defendant may also be served as provided in certain sections of Fed. R. Civ. P. 4 which are made applicable to adversary proceedings by Fed. R. Bankr. P. 7004(a).  Without a Certificate of Service on file and without more information as to the alleged service defects in Defendant's Motion, the Court is unable to determine if proper service has been accomplished.  Under Fed. R. Bankr. P. 7004(a) and Fed. R. Civ. P. 4(m), however, Plaintiffs have at least a 120-day period from the date of filing the Complaint within which to obtain service on the Defendants.  The original summons issued to Plaintiffs when they filed their Complaint is now stale under Fed. R. Bankr. P. 4(e).  Plaintiffs will be allowed additional time to obtain an alias summons and to file proof of proper service of the amended complaint

---

[1]Paragraph 2 of Plaintiffs response is incomplete as filed.

required by this Order.

### B.  Misidentification of Defendants

The Complaint contains allegations against "Defendants" collectively, and "Defendant Cowgill-Block," without defining these terms.  As noted above, the caption of the Complaint refers to Gina Cowgill-Clock and the factual allegations relating to the obtaining of unauthorized checks refer to David, not Daniel, Block.   Plaintiffs' Response claims that the reference to David rather than Daniel Block is  "logically only a clerical error."   The Response does not address the apparent error concerning Gina Cowgill-Block.   It remains unclear whether the Complaint alleges actions by and seeks relief against persons who are not debtors in the underlying case to which this adversary proceeding is related.  In order to properly prosecute this adversary proceeding, the Defendants against whom Plaintiffs seek relief must be clarified in an Amended Complaint.

### B.  Willful and Malicious Injury - § 523(a)(6)

There are, arguably, two elements which Plaintiff is required to allege under §523(a)(6). They are:  (1) that the injury was "willful,"meaning that the  Debtor "desired" the injury or the Debtor "in fact anticipated" it, *Kawaauhau v. Geiger*, 523 U.S. 57 (1998); and (2) that the injury was "malicious," meaning it was  "performed without justification or excuse."  *America First Credit Union v. Gagle (In re Gagle)*, 230 B.R. 174, 181 (Bankr. Utah 1999); *In re Pasek*, 983 F.2d 1524 (10th Cir. 1993).  Plaintiffs' allegations--that Defendants "knowingly and deceptively" obtained money that rightfully belonged to Plaintiffs, "intending to deprive Plaintiffs permanently of the use of benefit of that money," and that the moneys were obtained by falsely representing that payees of the checks were business expenses of Plaintiffs--are sufficient to state a claim under this section.  If Plaintiffs amend the Complaint to correctly identify Debtors Daniel and Gina Block  as having obtained Plaintiffs funds under the described circumstances, the Court will not dismiss Plaintiffs' claim under § 523(a)(6).

### C. Fraud - § 523(a)(2)(A)

The extent to which Plaintiffs intend to claim relief under 11 U.S.C. § 523(a)(2)(A) is not clear.  The Complaint refers to "fraud" but only requests relief under § 523(a)(6).  If Plaintiffs intend to seek relief under § 523(a)(2)(A), their Complaint is not sufficient.   A claim for non-dischargeability under § 523(a)(2) is subject to Fed. R. Civ. P. 9(b). *Tague & Beem, P.C. v. Tague (In re Tague)*, 137 B.R. 495, 500 (Bankr. Colo. 1991); *Assocs. Prof'l Executive Servs. v. Bernard (In re Bernard),* 85 B.R. 864, 866 (Bankr. Colo. 1988).  Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  The purpose of Rule 9(b) is to afford the defendant fair notice of the plaintiff's claims and the factual ground upon which they are based. *Schwartz v. Celestial Seasonings, Inc.,* 124 F.3d 1246, 1252 (10th Cir. 1997).  The Tenth Circuit has interpreted this rule to require a complaint to "set forth the time, place and contents of the false representation,

the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1236 (10th Cir. 2000).

The Complaint refers only very generally to "false and misleading representations as to the necessity of the checks written for vendors for the Plaintiffs." The allegations specify neither the "who," "what," "where," or "when" of the alleged representations. In addition, Plaintiffs do not allege that they relied on any representations made by Defendants or that such reliance was justified. Justifiable reliance is an element of a claim for relief under § 523(a)(2)(A). *Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437 (1995); *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir. 1996).

Because Plaintiffs' failure to state a claim under § 523(a)(2)(A) is, in part, a result of the lack of particularity required by Rule 9(b), the Court will allow Plaintiffs the opportunity to add to their allegations if they intend to seek relief under § 523(a)(2)(A). *See,* 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 at 733 (3d ed. 2004); *Id.,* § 1300 at 265 (leave to amend should be freely granted, especially where failure to state a claim is based on a lack of requisite particularity under Rule 9(b)).

It is accordingly,

ORDERED the Defendants' Motion to dismiss is denied; and it is

FURTHER ORDERED that Plaintiffs shall, within twenty-one days from the date of this Order, file an amended complaint and request the issuance of an alias summons, failing which, this adversary proceeding may be dismissed; and it is

FURTHER ORDERED that Plaintiffs shall, on or before July 18, 2011, file proof of service of the Amended Complaint and alias summons on Defendants, or file a request for extension of time to serve Defendants under Fed. R. Civ. P. 4(m), failing which, this adversary proceeding may be dismissed.

DATED:   June 6, 2011                                   BY THE COURT:


_____
A. Bruce Campbell,
United States Bankruptcy Judge

4